First case for argument is Ana Paola Salazar Arroy De Rucal and Zuri Samira Rucal Salazar v. Garland Counsel Good morning your honors may it please the court my name is Shannon Martinez I am counsel for petitioner I would please like to reserve two minutes for rebuttal please watch the clock the clock is not counting down your honors okay um the two issues before this court are whether petitioner filed a frivolous asylum application and whether she was a credible witness if I may I would like to address the frivolous finding first okay 8 CFR 1208.20 says that an asylum application is frivolous if any of its material elements is deliberately fabricated here the alleged fabrication is not material nor is there any evidence that the alleged fabrication was deliberate the alleged fabrication was the report that was filed and um it was filed by uh with the an agency called the ministerio publico um and that can be found on AR 212 to 214. In Udo v. Garland the court explained that a material element is a constituent part of a claim that must be proved for the claim to succeed while a report to the authorities can be considered where the persecutor is not a state actor the court in Razmideh v. Holder explained that the reporting of private persecution is not an essential element to establish a claim therefore the report in question is not material but so is it your view that if somebody fabricates a document that you know merely corroborates what they're saying but but um uh does not uh you know well if somebody fabricates uh evidence that is merely corroborative of other uh evidence that they're presenting is that not a material element of the claim? Correct your honor and the ninth circuit case um specifically explained that um a report would not be a material element like that this particular piece of evidence would not be a material element so so as long as you have does that mean that as long as somebody has you know some other evidence that they've put in um you know fabrication of anything else um is not going to be a basis for a finding of frivolousness so that seems it seems like an odd rule that as long as you have as long as you have one other thing uh to support your claim um you can make up other stuff um and and it might depend on the type of evidence submitted but um as this was a report it specifically says in this case that it would not be material was there any dispute uh that arose below about the fact that um your client's husband was murdered no your honor what evidence is there that um you know that supports uh that was in the record that doesn't implicate the um the sort of credibility issues that we've been discussing such that um the basic facts of the response of the petitioner's claim your honor were consistent in her declaration and in her testimony and in the corroborating evidence um the basic facts that her husband was killed that she was um her place of employment was involved when her husband was knew the identities of the gang members she was present when he was killed correct so the report the police report says she reports that she was threatened uh by these um uh other gang members um and she has made that claim in several different ways both her testimony or and for what he said um it seemed like the ij and the bia were relying on the police report mainly to as as a way of undermining her credibility in other words they said you said you didn't report to the police but here we have a copy of the police report was there a claim that the police report was fabricated because when i was looking at the out the ij and his decision did indicate that um based on circumstantial evidence he was concluding that the police report was fabricated based on the inconsistencies and the fact that she couldn't resolve the inconsistencies but i will respectfully your honor um i will point out that um i think that part of the confusion was that i don't think respondent in her mind considered this to be a police report um there were approximately 10 instances in the transcript where the questioning was specifically regarding a police report and respondent denied that she had filed her police report and then when i later um at when she was later asked in testimony um considers that agency a police agency she said no so i think that um that might have been part of the confusion can i just ask a question so in my mind the phrase police report is not always clear you can go to a police station and make a police report you can also be interviewed by police officers even a brief interview and the police make a police report so i have just sort of an inherent problem understanding the context of of police reports sometimes it matters sometimes it's ambiguous could you comment on that i think that that um ambiguity uh entered into this case as well because um the respondent did testify that um at the scene of the crime authorities did come and when she was asked to specify whether those authorities were the police she indicated that they were and that they did write down what she said so um i do think that was confusion um the um only uh thing that uh the adding to the confusion was that this this particular report was dated uh after um the date of the incident so um i think that's um and um your your honor i see my time is down to two minutes okay do you want to save that for rebuttal i may your honor if you have no further questions all right we'll hear from the government good morning may it please the court my name is jocelyn right i'm here on behalf of the united states attorney general um let me first address judge akuta's comment about the whether or not there was an issue that this was a fabrication the immigration judge specifically determined that this was a fabricated document based on petitioner's testimony and admission on cross-examination was it helping her case i mean it seems like the the ij and the bia were credibility as opposed to a fabrication that assisted her in um in making her case that's what was confusing to me well the immigration judge again could only consider the fact of submission because exhibit nine was not admitted into evidence because she she turned it in late she submitted it to the court late and he didn't admit it into the record so the immigration judge properly determined that her submission the fact of petitioner's submission of a fabricated document and he determined that it was fabricated because upon questioning by her own counsel petitioner admitted that she had no idea where this document came from she couldn't explain how did it support how was it significant to a material element of her case i mean it was it the phony marriage certificate or the the types of documents we normally see that are submitted that are fabricated that are key or crucial to to the asylum application i was having trouble understanding how this report which um undermined her story because her story was she had not made a report was crucial was a fraudulent document crucial to her asylum application so help me understand that well the immigration judge explained that her submission of this document went to all aspects of her claim and and the material elements that she needed to establish was past past harm rising to the level of persecution a well-founded fear of future harm rising to the level of persecution on account of a protected ground by either the government or entities that the government is unwilling or unable to control and she had no other corroborating evidence to to establish that the root of her claims of persecution the robbery itself actually happened there's no evidence that she submitted to corroborate that she that she and her husband were attacked um and so looking at this document the fact that she allegedly made a verbal complaint an official complaint regarding the assault the robbery of this amount of money from her her husband isn't mentioned in this in this um in this document and again that that underscores the government's point that the government that the immigration judge didn't and the board didn't rely on the contents of this but just on the fact of the submission and so that's not quite true that she didn't submit any other evidence she submitted a um but it is a declaration from somebody else saying that she was attacked and her she and her husband were attacked and robbed and then she started getting threats uh after that right so there's also that isn't there well there's jennifer's letter which was very vague and she just said that i declared that she felt she gave a police statement oh still from her a great amount of money and her personal documents that was jennifer's i'm sorry that was norma's letter but jennifer's letter um doesn't say anything about her being attacked okay but i mean the point is that um i mean this i think goes to the point uh judge ikura was making that um the the police or you know whatever government report it was it was not the only piece of evidence um supporting the the proposition that she was attacked and and thereafter received threats well i even if that is the case your honor and i believe that jennifer's letter is is very vague on that and there wasn't really she was the co-worker the other one was her friend um but it doesn't really mention any connection between her employment and and the attack all this all they said was she was subject to extortions when you say it doesn't mention it are you saying that she wrote it or that some officer or official put it down uh in a particular way because i was trying to make the point that the phrase police report and you're dealing with the bureaucracy of how information gets communicated it's not always clear cut okay um in the context of the previous discussion i was discussing the letters from jennifer and of the ar with respect to this verbal complaint to the public prosecutor um the public the public ministry um it says that she it was a verbal complaint that she was making to someone and so i i'm not sure who authored this she couldn't explain it it's not clear on the record who authored the complaint because she says she never made a complaint and she says that she never spoke to anyone at the public ministry so does that mean that it didn't percolate up through the police department and go to the um uh ministerio publico she has never alleged that all these leaps about how documents get created and who's responsible for them and we're assuming that she took an active role necessarily in in that process and i'm just asking you is that perfectly clear that that's what happened i don't think the government or the agency in this case is making any leaps in logic your honor that is the problem in this case the immigration judge asked her where did this document come from and she couldn't explain she he asked her her own attorney asked her did you ever speak with anyone to the at the public ministry and she said no and so the question of where this document came from which she submitted which she gave to her attorney for the immigration court in support of her claims the burden is on her to authenticate and explain where this came from and so the immigration judge given that she couldn't do that reasonably determined that this is a fabricated document that because it contradicted everything that she had testified to during her hearing and she couldn't explain where it came from but didn't deny that she did give it to her attorney in support of her claim could you address our decision in constitute fabrication of a material element and i confess i'm not totally sure what we meant by the distinction there between uh evidence and an element but uh what's your view of that and why does this uh why shouldn't we view this merely as as evidence i think in this case the immigration judge um explained why he determined that this was that the the submission of this document went to the fact was a fabrication of a material element because the document would have goes to the establishment of all aspects of her claim past persecution because of the robbery um and the threats future persecution the continuing threats to her and also whether or not the government is unwilling or unable to control the alleged assailants who she claims are the source of her is is the is it that it's the only evidence on that on those points or or is it i mean if you fabricate a document that supports you know some other evidence that you have uh on a point um is that enough to constitute for a finding of frivolousness um you you have some evidence that says you know something bad happened to you and then you fabricate another document that could be i think it's um and and the case law is clear that a determination of frivolousness is a case-by-case determination because it's very fact intensive um and in this case there was no other evidence as the immigration judge said and it's undisputed in this case that the the rest of her evidence the two letters from jennifer and from norma were very vague well they were not sufficient evidence her declarations and testimony were evidence which we would take the the um immigration the agency would take as true if uh she was found credible so there was her testimony i mean the thing that just puzzles me is that she testified as to um the the elements of her claim denied she had made a report to the police and the police report was used only to say she was not credible so it's very hard for me to see how that is supporting her claim when in undermining her claim can you address that is there another case that that's similar to that i couldn't find one your honor um and i will keep looking of course but in this but i think the immigration judge was concerned that she was and and perhaps counsel's explanation she was confused in her head about or she had a distinction in her head about what a police report meant to her which was going to the police rather than actively going to the police to make a report rather than the police just taking down a report um and so it's just not clear but again because she was the one who submitted the the evidence into the record into um gave it to her attorney for submission into the record even though it wasn't admitted the immigration judge reasonably looked to the fact of the admission of submission of the evidence to determine her intent was her testimony and her evidence was found to be not credible just to the submission of a fraudulent document to corroborate a claim that has found to be not credible the immigration judge reasonably determined was a preponderance of the evidence that she was filing that she had filed a frivolous asylum claim i have one last question was there any evidence that the document was fraudulent other than that it was inconsistent with her testimony um not forensically fraudulent but her admission that she did not know where it came from even though she submitted it thank you that admission is sufficient i think okay unless the court has any further questions we for the reasons in our brief and today we ask that the petition be denied thank you thank you um you have a two minutes for rebuttal uh you're mute thank you your honors um the petitioner respectfully requests that this case is remanded for further fact finding i think there's um a lot of confusion surrounding how this report was made and on um page uh 173 of the record uh the immigration judge was limiting the testimony that he was allowing regarding this report and since it's such a crucial aspect of this resolution um a frivolous finding is very serious and um it it would be it is petitioner's uh view that it would be helpful if this case were remanded so that she could possibly look at the report and we're trying to determine where the confusion lies and possibly she made a report she didn't realize the name of the agency um even though she knows distinguishes between the ministerio publico and the police maybe you know i think it would be appropriate to um flesh this out further to see what uh if if the petitioner would be able to offer any clarity to this confusion being that it is such a serious finding against her and on that your honor i have nothing further all right the the case of um salazar arroyo de rugal versus garland is submitted the next
judges: IKUTA, MILLER, Pregerson